**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

| | |
|---|---|
| PATTI MARTIN, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| CAROLYN W. COLVIN, Acting | *   No. 3:14CV00123-JJV |
| Commissioner, Social Security | * |
| Administration | * |
| | * |
| Defendants. | * |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Patti Martin, appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and for supplemental security income ("SSI") benefits under Title XVI of the Act.

On October 28, 2014, the Court held oral argument at Plaintiff's request. Mr. Greg Wallace, Esq., appeared by telephone for Ms. Martin. Special Assistant United States Attorney Uma McGeehan appeared by telephone for the Commissioner. The attorneys are commended for their diligence in this matter. For reasons set out below, the decision of the Commissioner is REVERSED and REMANDED.

**I.    BACKGROUND**

On January 12, 2012, Ms. Martin protectively filed for DIB and SSI benefits due to tendinitis in both elbows, carpal tunnel syndrome, swelling in the hands, feet, and legs, chest muscle strain, hypertension, uterine fibroid tumors, and rectal bleeding. (Tr. 176) Ms. Martin's claims were denied initially and upon reconsideration. At Ms. Martin's request, an Administrative Law Judge ("ALJ")

1

held a hearing on May 28, 2013, where Ms. Martin appeared with her lawyer. At the hearing, the ALJ heard testimony from Ms. Martin and a vocational expert ("VE"). (Tr. 26-45)

The ALJ issued a decision on July 3, 2013, finding that Ms. Martin was not disabled under the Act. (Tr. 11-19) The Appeals Council denied Ms. Martin's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-4)

Ms. Martin, who was fifty-four years old at the time of the hearing, has a high school education and past relevant work as a welder and certified nursing assistant. (Tr. 30-31, 42)

## II.  DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Ms. Martin had not engaged in substantial gainful activity since October 16, 2010, and she had the following severe impairments: osteoarthritis and obesity. (Tr. 13) However, the ALJ found that Ms. Martin did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 15)

According to the ALJ, Ms. Martin has the residual functional capacity ("RFC") to perform medium, semi-skilled work. She can perform work where interpersonal contact is routine but superficial, the complexity of the tasks is learned by experience, involves several variable, uses judgment within limits, and the supervision required is little for routine and detailed for non-routine tasks. She is limited to no frequent overhead reaching. (Tr. 15) The VE testified that Ms. Martin could perform her past relevant work as a certified nursing assistant and other jobs available with

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

these limitations were tube assembler and color buffer. (Tr. 43) Accordingly, the ALJ determined that Ms. Martin could perform her past work and a significant number of jobs existing in the national economy, and found that she was not disabled.

## III. ANALYSIS

### A. Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3] Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

### B. Ms. Martin's Argument for Reversal

Ms. Martin asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence. Specifically, she contends that the ALJ (1) erred in the credibility analysis, and (2) failed to compare her specific residual functional capacity with the demands of her past work. (Doc. No. 11)

#### 1. Residual Functional Capacity

Ms. Martin's case is very similar to recent Eighth Circuit Court of Appeals decisions that have found error with the ALJ not resolving the possible conflict between VE testimony and the jobs

---

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

identified that Plaintiff could perform, despite her impairments. *See Moore v. Colvin*, No. 13-3774, 2014 WL 5293396 (8th Cir. Oct. 17, 2014); *Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014.) Here, the ALJ concluded Plaintiff was limited to jobs requiring no frequent overhead reaching. (Tr. 15, 42.) Yet, her past relevant work as nurse assistant indicates that frequent reaching is required - creating a reversible conflict between Plaintiff's RFC and the job the ALJ identified Plaintiff could perform. (*See* Dictionary of Occupational Titles #355.674-014 and Selected Characteristics of Occupations Defined (SCO).)

While the Commissioner argues that Martin's case is distinguishable because her case was primarily resolved at Step 4 of the evaluation, the serious conflict remains. And although he was not required to utilize the services of a vocational expert at Step 4, the ALJ clearly relied on the evidence from the expert when he concluded:

> The claimant has testified that she has worked [as a certified nurse's assistant] since she stopped welding. The vocational expert testified that this work is considered past relevant work. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as generally performed. The vocational expert testified that the claimant could perform the job of certified nurse's assistant as generally performed relying on the Dictionary of Occupational Titles in accordance with our regulations.

(Tr. 17.)

The evidence relied upon by the ALJ when concluding Plaintiff could perform her past relevant work was the vocational expert testimony and the Dictionary of Occupational Titles. And regardless of whether the case was resolved at Step 4 or 5, *Moore* and *Kemp* ultimately turn on whether or not the ALJ's decisions is supported by substantial evidence. Here, the ALJ's decision is not supported by substantial evidence because the ALJ's evidence is faulty. The evidence fails to resolve the conflict between Plaintiff's inability to frequently reach overhead and how this

limitation would affect the ability to perform the job of certified nurse's assistant - as generally performed.

For these same reasons, the ALJ's fallback Step 5 conclusions fail. The jobs identified at Step 5 also potentially require overhead reaching as defined by the DOT and SCO. Without resolving this conflict, just as was the exact case in *Moore* and *Kemp*, the vocational expert testimony fails to constitute substantial evidence.

2.      Credibility Determination

Ms. Martin argues that the ALJ's credibility analysis is flawed. On remand, the ALJ should address these concerns raised by Ms. Martin, especially the deference she has earned through a strong work history.

**IV.    CONCLUSION**

A reasonable mind would not accept the evidence as adequate to support the ALJ's decision because the decision does not resolve the conflict between Plaintiff's residual functional capacity and requirements of her past work or other jobs in the national economy. Therefore, the Court REVERSES the decision and REMANDS the case to the Commissioner for resolution of this conflict in accordance with the Eighth Circuit decisions in *Moore* and *Kemp*.

This is a "Sentence Four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 28th day of October, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE